UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katlyn Johnson, | No. 2:23-cv-01817-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Reliant Property Management, Inc., | |
| Defendant. | |

Plaintiff Kaitlyn Johnson sued defendant Reliant Property Management, Inc. in state court, alleging disability discrimination in violation of the California Fair Employment and Housing Act and alleging work environment harassment under California state law. Reliant removed the case to federal court. Johnson moves to remand the case to state court. This court **grants Johnson's motion to remand**.

I.      BACKGROUND

Reliant filed a notice of removal based on diversity jurisdiction after learning Johnson no longer resides in California and did not reside in California at the time the complaint was filed. *See* Notice of Removal, ECF. No. 1. Johnson's complaint alleges she lived in California "at all relevant times." *See* Compl. ¶ 1, Ex. C, ECF No. 8-3. More than a year after the suit was filed, Reliant propounded discovery, which included a notice to depose Johnson. *See* Mot. Remand Mem. at 5, ECF No. 7-1. Johnson's counsel, Arash Sadat, called Johnson to discuss the

deposition and learned then for the first time that Johnson had moved to Arizona. *See* Sadat Decl. ¶ 7, ECF No. 7-4; *see also* Mills Decl. ¶ 9, ECF No. 7-3. Sadat contacted Reliant's counsel the same day to inform them Johnson had relocated to Arizona. *See* Sadat Decl. ¶ 8. Johnson now moves to remand. Mot. Remand, ECF No. 7. The motion is fully briefed. *See* Opp'n, ECF No. 11; Reply, ECF No. 12.

## II. LEGAL STANDARD

A defendant may remove a matter to federal court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). When, as here, the asserted source of a district court's original jurisdiction is diversity of citizenship, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. A case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Carvalho LLC v. Equifax Info. Servs.*, 629 F.3d 876, 885 (9th Cir. 2010).

The party invoking the court's removal jurisdiction bears the burden of establishing "removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Id*. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citation omitted).

## III. ANALYSIS

It is undisputed Reliant removed this action more than a year after Johnson filed it in state court. The court therefore must determine whether Johnson acted in bad faith to prevent removal.

The Ninth Circuit has not set a standard for district courts to follow when evaluating allegations of bad faith in this context, but district courts within the circuit generally have set a high bar for defendants "to demonstrate that a plaintiff acted in bad faith to prevent removal." *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020) (internal quotation marks and citation omitted). As an example, a plaintiff acts in bad faith by "fail[ing] to disclose

2

the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B). Lower courts have found "[s]uspicious timing by itself . . . is not sufficient to demonstrate bad faith." *GeoSierra Env't, Inc. v. Nautilus Ins. Co.*, No. 22-00505, 2023 WL 2632515, at *5 (W.D. Wash. Mar. 24, 2023) (internal quotation marks and citation omitted) (collecting cases). "Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) strongly suggest[s] intentionality and purpose." *Mapes v. FCA US LLC*, No. 21-870, 2021 WL 3561245, at *3 (S.D. Cal. Aug. 12, 2021) (alteration in original) (internal quotation marks and citation omitted); *see Heller v. Am. States Ins. Co.*, No. 15-9771, 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).

Reliant argues Johnson acted in bad faith because (1) Johnson misled Reliant by alleging incorrectly she lived in California, Notice of Removal ¶ 3; (2) the timing of Johnson's attorney's notifying Reliant of Johnson's move—four days after the one-year removal deadline had passed—was suspect, *id.* ¶ 28, and (3) Johnson's attorneys did not "undertak[e] a reasonable investigation concerning Plaintiff's citizenship to ensure the Complaint was accurate before filing[,]" Opp'n at 6. Johnson lived in California when she retained counsel to initiate her lawsuit but had moved to Arizona by the time the complaint was filed. *See* Mot. Remand Mem. at 2; Opp'n at 2. Johnson and her attorneys attest Johnson never informed her attorneys about her move to Arizona until her call with Sadat on August 15, 2023. *See* Johnson Decl. ¶¶ 3–4; Sadat Decl. ¶ 7; Mills Decl. ¶ 9. Reliant provides no evidence showing Johnson or her attorneys "intended" to mislead Reliant. *See Mapes*, 2021 WL 3561245, at *4 (declining to find bad faith in part because defendant did not provide enough evidence to show plaintiff intended to defeat diversity jurisdiction). Moreover, suspect timing alone is insufficient to support a finding of bad faith. *See GeoSierra*, 2023 WL 2632515, at *5. Lastly, Reliant points to no authority to support its argument that an attorney's potentially negligent investigation is relevant to the bad faith inquiry under 28 U.S.C. § 1446(c)(1). Reliant has not met the high bar for demonstrating bad faith.

1    Additionally, the court declines Reliant's invitation to equitably toll the one-year deadline. Reliant did not serve discovery for over a year and did not investigate Johnson's citizenship when the suit was first filed in state court.

    For the reasons stated above, the court **grants Johnson's motion for remand**.  This action is **remanded** to the Superior Court of the State of California for the County of Solano.

    This order resolves ECF No. 7.

    IT IS SO ORDERED.

DATED:  January 5, 2024.

CHIEF UNITED STATES DISTRICT JUDGE